IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| VICTORIA LANDRUM | Case Nos. 1:18-cv-807 |
| Plaintiff, | Judge Susan J. Dlott |
| v. | **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |
| ABUBAKAR ATIQ DURRANI, *et al.*, | |
| Defendants. | |

This matter is before the Court on Plaintiff's Motion for Reconsideration of the Court's Order Granting Judgment on the Pleadings to Defendants Good Samaritan Hospital and Center for Advanced Spine Technologies (Doc. 39, 40).[1] Defendants oppose the motion (Doc. 43, 44). Plaintiff alleges that the Court erroneously concluded that negligent credentialing claims are "medical claims" under Ohio Revised Code § 2305.113 and that the statute of repose bars claims against the Center for Advanced Spine Technologies ("CAST"). For the reasons set forth below, the Court will **DENY** Plaintiff's Motion.

## I. BACKGROUND

Following a car accident, Plaintiff Victoria Landrum sought treatment from Defendant Abubakar Durrani, then a licensed medical doctor with a specialization in spine surgery. Durrani allegedly lied about the necessity of surgery and injected an off-label bone protein, injuring Plaintiff, in June of 2010. Plaintiff filed her initial suit against Durrani, CAST, and Trihealth, Inc. *d/b/a* Good Samaritan Hospital ("GSH") on October 30, 2015. GSH, CAST, and Durrani all

---

[1] Plaintiff refiled the same motion the same day with an additional attachment. The Court will address both filings as one motion.

moved for judgment on the pleadings arguing that Ohio's statute of repose bars Plaintiff's claims. In the Order Granting Judgment on the Pleadings, this Court granted the motions as to CAST and GSH but denied the motion as to Durrani. (Doc. 38.) The Court concluded that Plaintiff's negligent credentialing claims are medical claims, and therefore barred by Ohio's four-year statute of repose. The Court also held that while Durrani's abscondment did toll the statute of repose for the claims against him, it did not toll the statute of repose as to his employer, CAST. Plaintiff now moves for reconsideration as to the negligent credentialing and spoliation claims against GSH and the negligent hiring, retention, supervision, and vicarious liability claims against CAST.

## II. LEGAL STANDARD

Motions to reconsider "are properly treated as motions to alter or amend a judgment under Rule 59(e)." *McDowell v. Dynamics Corp. of Am.*, 931 F.2d 380, 382 (6th Cir. 1991). "A court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). Plaintiff does not allege any newly discovered evidence or intervening change in law. To prevail on her motion, then, Plaintiff must demonstrate a clear error of law.

## III. ANALYSIS

### A. Negligent Credentialing Claims are "Medical Claims" under Ohio Law

Ohio Revised Code § 2305.113 contains a statute of repose which prevents any medical claim being brought more than four years after the act or omission giving rise to the claim. "Medical claim" is defined in Ohio Revised Code § 2305.113(E)(3). Defendant argued, and this Court previously ruled, that Plaintiff's negligent credentialing claims are "medical claims" within the meaning of Ohio Revised Code § 2305.113(E)(3)(c)(2). Pursuant to

2

§ 2305.113(E)(3)(c)(2), a claim resulting "from the hiring, training, supervision, retention, or termination of caregivers providing medical diagnosis, care, or treatment" is a "medical claim" for statute of repose purposes. Plaintiff continues to dispute the Court's conclusion. The court will address each of the arguments in turn.

### 1. Ohio Supreme Court Precedent is Not Applicable

Plaintiff, citing *Browning v. Burt*, 66 Ohio St. 3d 544, 613 N.E.2d 993 (1993), contends that the Court improperly relied on Ohio appellate court decisions rather than *Browning* and its progeny in concluding that Plaintiff's claims against GSH and CAST are barred by the Ohio statute of repose. The Court disagrees.

In *Browning*, the Ohio Supreme Court concluded that negligent credentialing claims were outside the definition of "medical claim" for purposes of Ohio Revised Code § 2305.11, the statute of limitations that applied to malpractice and other medical claims in 1993. *Id.* at 556–557. While the court in *Browning* ruled concerning the statute of limitations, the statute of limitations and the statute of repose now share the same definition of "medical claim," and so case law concerning one is applicable to the other.

However, since *Browning* was decided, the Ohio General Assembly amended Ohio Revised Code § 2305.11 to significantly expand the definition of "medical claims." Specifically, House Bill 412 added the following language (in bold) to § 2305.11:

> "Medical claim" includes **the following:** . . .
> **(b) Claims that arise out of the medical diagnosis, care, or treatment of any person and to which either of the following apply:**
> **(i) The claim results from acts or omissions in providing medical care.**
> **(ii) The claim results from the hiring, training, supervision, retention, or termination of caregivers providing medical diagnosis, care, or treatment.**

3

2002 Ohio Laws File 185 (H.B. 412). The Ohio General Assembly later removed the definition of "medical claim" from § 2305.11 and created § 2305.113, entitled "Time limitations for bringing medical, dental, optometric, or chiropractic claims," and further expanded the "medical claim" definition in ways that are not germane to this case. 2002 Ohio Laws File 250 (S.B. 281). Because the Ohio General Assembly significantly expanded the definition of "medical claim" after the Ohio Supreme Court's *Browning* decision, that decision is neither helpful nor controlling in the case at bar.

Plaintiff contends that two post-amendment Ohio Supreme Court decisions, *Schelling v. Humphrey*, 123 Ohio St. 3d 387, 2009-Ohio-4175, 916 N.E.2d 1029, and *Schmitz v. NCAA*, 155 Ohio St. 3d 389, 2018-Ohio-4391, 122 N.E.3d 80, reaffirm the Ohio Supreme Court's decision in *Browning*. Again, the Court disagrees.

In *Schelling*, the Ohio Supreme Court described negligent credentialing as "lack of care in the . . . retention of the doctor." *Schelling* at ¶ 18. The current and applicable version of Ohio Revised Code § 2305.113(E)(3)(c)(ii) explicitly includes within the definition of "medical claim" for statute of repose purposes, a claim that "results from the . . . retention . . . of caregivers providing medical diagnosis, care, or treatment." Thus, the Ohio Supreme Court's decision in *Schelling* actually supports the Court's earlier Order.

In *Schmitz*, the Ohio Supreme Court referenced *Browning*, but it does not find that negligent credentialing is a "medical claim." Rather, it contained a lengthy discussion of the discovery rule which even Plaintiff concedes applies only to the statute of limitations, not the statute of repose at issue in the instant case. Therefore, the Ohio Supreme Court has not ruled on the issue since the Ohio General Assembly amended and expanded the definition of "medical

4

claim." Thus, this Court properly relied on recent Ohio appellate decisions in nearly identical cases.

### 2. Legislative History Indicates that the Ohio Legislature Intended to Include Negligent Credentialing in the Definition of Medical Claims

Plaintiff next argues that the legislative history of Ohio Revised Code § 2305.113(E)(3) indicates that the legislature did not intend to include negligent credentialing claims within the definition of "medical claims." The legislative history, however, indicates no such thing.

Once *Browning* interpreted the statute to exclude negligent credentialing claims from the definition of "medical claim," the Ohio legislature amended the "medical claim" definition explicitly to include negligent credentialing. In *State ex rel. Ohio Trial Lawyers v. Sheward*, 86 Ohio St.3d 451, 715 N.E.2d 1062 (1999), the Ohio Supreme Court held that the law which added "negligent credentialing" to the definition of "medical claims" violated the one-subject rule and was unconstitutional in its entirety. In addressing the procedural deficiency, the legislature re-expanded the definition of "medical claim" to include claims arising from "the hiring, training, supervision, retention, or termination of caregivers providing medical diagnosis, care, or treatment." Ohio Rev. Code § 2305.113(E)(3)(c)(2). Plaintiff's argument fails because the Ohio legislature—in response to a judicial decision eliminating the statute—reinstated the "medical claim" definition using even more expansive language than before.

### 3. First District Precedent is the Most Persuasive

Plaintiff concedes that the Ohio First District Court of Appeals has repeatedly held that negligent credentialing claims are "medical claims." However, Plaintiff contends that this Court should not rely on First District authority because nine other districts have held to the contrary. The Court again disagrees.

5

Of the nine cases Plaintiff cites, four cases predate the applicable amended definition of "medical claims." *See United States Fid. & Guar. Co. v. St. Elizabeth Med. Center*, 129 Ohio App. 3d 45, 716 N.E.2d 863 (2nd Dist. 1998), *Grandillo v. Montesclaros*, 137 Ohio App. 3d 45, 716 N.E.2d 1201 (3rd Dist. 1998); *Dicks v. U.S. Health Corp.*, 4th Dist. Scioto No. 95 CA 2350, 1996 WL 263239 (May 10, 1996); *Allinder v. Mount Carmel Health*, 10th Dist. Franklin No. 9 3AP-156, 1994 WL 49792 (Feb. 17, 1994). Three other cases concern not negligent credentialing, but other types of negligence. *See McFarren v. Canton*, 2016-Ohio-484, 59 N.E.3d 652 (5th Dist.), (ordinary negligence because the plaintiff was not receiving any medical care); *Haskins v. 7112 Columbia Inc.*, 2014-Ohio-4154, 20 N.E.3d 287 (7th Dist.), (ordinary negligence because changing sheets does not require any medical knowledge or skill); *Hill v. Wadsworth-Rittman*, 185 Ohio App. 3d 788, 2009-Ohio-5421, 925 N.E.2d 1012 (9th Dist.) (negligent transportation of patient by an untrained volunteer as part of discharge).

Only two districts, the Sixth and the Eleventh, have held that negligent credentialing claims are not "medical claims" under the amended statute. In *Malcolm v. Duckett*, 6th Dist. Lucas No. L-10-1110, 2011-Ohio-865 (Feb. 25, 2011), the Sixth District, applying *Browning*, held that the statute of limitations for negligent credentialing is two years, as it is not a "medical claim." In *Erickson v. Management & Training Corp.*, 11th Dist. Ashtabula No. 2012–A–0059, 2013-Ohio-3864 (Sept. 9, 2013), the court likewise held that negligent credentialing claims are subject to a two-year statute of limitations rather than the one-year statute of limitations applicable to "medical claims." The *Malcolm* and *Erickson* courts' discussion of whether or not negligent credentialing claims are "medical claims" is so cursory as to be unpersuasive. To the contrary this Court finds the reasoning of the First District thoughtful, thorough, and directly on point.

6

#### 4. The Term "Caregiver" Includes Physicians

Finally, the Court is not persuaded by Plaintiff's argument that the term "caregiver" cannot include physicians. The term "caregiver"—unlike terms such as "physician," "registered nurse," and "physician assistant"—is not defined in the statute. Therefore, the Legislature's failure to include the term "physician" in the non-existent definition of "caregiver" does not clarify the meaning of the term.

### B. Durrani's Abscondment Does Not Toll the Statute of Repose as to CAST

Plaintiff argues that, because Durrani's abscondment to Pakistan tolled the statute of repose as to Durrani, the statute of repose should also be tolled for Plaintiff's vicarious liability claim against CAST. In support of this claim, Plaintiff cites *Tausch v. Riverview Health Institute*, 187 Ohio App. 3d 173, 2010-Ohio-502, 931 N.E.2d 613. The court in *Tausch* concluded that when a statute of limitations is tolled for a doctor, related vicarious liability claims are also tolled. However, the court limited its ruling to tolling due to a continuing relationship with the physician. The court reasoned in *Tausch* that it would be unreasonable to require a plaintiff to commence a suit against a hospital alleging negligence by a physician while still being treated by that physician. This reasoning applies only to tolling due to a continuing patient-physician relationship. Therefore, as that case is inapposite here, the Court again concludes that the statute of repose bars Plaintiff's claims against CAST.

### C. Plaintiff Cannot Succeed on a Spoliation of Evidence Claim if the Statute of Repose Bars the Underlying Claim

A spoliation of evidence claim requires a plaintiff to demonstrate actual "disruption of the plaintiff's case." *Smith v. Howard Johnson Co.*, 67 Ohio St. 3d 28, 615 N.E.2d 1037 (1993). Because the statute of repose bars Plaintiff's claims against GSH, Plaintiff cannot show the

7

required disruption. Therefore, the Court correctly dismissed Plaintiff's spoliation of evidence claim once the underlying claim was dismissed.

## IV. CONCLUSION

Accordingly, the court hereby **DENIES** Plaintiff's Motion for Reconsideration (Doc. 39, 40).

**IT IS SO ORDERED.**

Dated: June 29, 2020

Susan J. Dlott
Judge Susan J. Dlott
United States District Court