IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| VICTORIA LANDRUM | : | Case Nos. 1:18-cv-807 |
| Plaintiff, | : | Judge Susan J. Dlott |
| v. | : | **ORDER DENYING DEFENDANT'S RENEWED MOTION FOR** |
| ABUBAKAR ATIQ DURRANI, | : | **JUDGMENT ON THE PLEADINGS, STRIKING DETERS' AFFIDAVIT,** |
| Defendant. | : | **AND CONTINUING THE TRIAL SCHEDULE PENDING STATE RESOLUTION OF THE ISSUE** |

This matter is before the Court on Defendant Abubakar Atiq Durrani's Renewed Motion for Judgment on the Pleadings or Reconsideration (Doc. 58) and Defendant's Motion to Strike the Affidavit of Eric Deters Regarding Durrani's Travels Out of the State of Ohio (Doc. 60). Plaintiff opposes the Renewed Motion for Judgment on the Pleadings (Doc. 61) but filed no response to the Motion to Strike Deters' Affidavit. For the reasons set forth below, the Court will **DENY WITHOUT PREJUDICE** Durrani's Renewed Motion for Judgment on the Pleadings, **GRANT** Durrani's Motion to Strike the Deters Affidavit, and **CONTINUE** the final pretrial conference and trial in this matter.

I.  BACKGROUND

A. Facts

Following a car accident, Plaintiff Victoria Landrum sought treatment from Defendant Durrani, then a licensed medical doctor with a specialization in spine surgery. Durrani recommended surgery, which he allegedly performed improperly and unsuccessfully in June 2010. Landrum alleges that Durrani lied about the necessity and outcome of the surgery and injected her with an off-label morphogenetic bone protein ("BMP-2") without her consent.

According to Landrum, the BMP-2 Durrani allegedly injected during her surgery caused injuries including ectopic bone growth and increased risk of cancer. In late 2013, Durrani—while on bond awaiting trial on related criminal charges—escaped Ohio for Pakistan, where he remains to this day. The Ohio Medical Board permanently revoked Durrani's medical license on March 12, 2014. This case is one of hundreds of similar cases filed against Durrani in both state and federal court.

### B. Procedural Posture

On October 30, 2015, Landrum filed suit in the Hamilton County Court of Common Pleas against Durrani, his spinal center, and the hospital where he performed the surgery. (Doc. 31 at PageID 317.) She voluntarily dismissed that suit on December 11, 2017. (*Id.* at PageID 317–18.) On November 19, 2018, she initiated this action against the same defendants. (*Id.* at PageID 318.)

On March 25, 2020, the Court granted judgment on the pleadings to the spinal center and the hospital because Ohio's statute of repose, Ohio Rev. Code 2305.113(C), bars claims— including Landrum's—filed more than four years after the disputed medical procedure.[1] (Doc. 38.) However, the Court concluded that Durrani's December 2013 escape to Pakistan tolled the running of the time limit against him pursuant to Ohio's absent defendant statute, Ohio Rev. Code 2305.15. (*Id.*) Thus, the Court permitted Landrum's claims against Durrani to proceed. Landrum moved the Court to reconsider its March 25, 2020 Order, but the Court denied Landrum's motion. (Doc. 48.)

On December 23, 2020, the Ohio Supreme Court issued an opinion in another case, *Wilson v. Durrani*, ___ N.E.3d ___, 2020-Ohio-6827. In that case, the Ohio Supreme Court held

---

[1] The statute of repose contains explicit exceptions not applicable here. *See, e.g.*, Ohio Rev. Code 2503.113(C) and (D).

2

that Ohio's savings statute did not permit plaintiffs to refile medical claims after the expiration of the medical statute of repose. *Id.*

Based on the Ohio Supreme Court's decision in *Wilson*, Durrani now contends that this Court should have granted him judgment on the pleadings because Landrum's claims are barred by Ohio's statute of repose and Ohio's absent defendant statute, Ohio Rev. Code 2305.15, does not toll the time limitation. (Doc. 58.) Landrum disagrees. (Doc. 61.) In addition, Durrani moves to strike the Affidavit of Eric Deters Regarding Dr. Durrani's Travels Out of the State of Ohio (Doc. 57) for lack of personal knowledge, among other reasons. (Doc. 60.)

This matter is set for final pretrial conference on August 4, 2021. Trial is scheduled to commence September 13, 2021.

## II. LEGAL STANDARDS

Courts analyze a Federal Rule of Civil Procedure 12(c) motion for judgment on the pleadings in the same way as a Rule 12(b)(6) motion. *Atwood v. UC Health*, No. 1:16cv593, 2018 WL 3956766, at *2 (S.D. Ohio Aug. 17, 2018) (citing *Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp.*, 399 F.3d 692, 697 (6th Cir. 2005)). Rule 12(b)(6) allows a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To withstand a motion to dismiss, a complaint must comply with Federal Rule of Civil Procedure 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Rule 8(a)).

A complaint must include sufficient facts to state a claim that is plausible on its face and not speculative. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Mere "labels and conclusions [or] a formulaic recitation of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. A complaint must contain "either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *DiGeronimo Aggregates, LLC v. Zemla*, 763 F.3d 506, 509 (6th Cir. 2014) (citation omitted). However, it "does not need detailed factual allegations" or "heightened fact pleading of specifics." *Twombly*, 550 U.S. at 555, 570. A district court examining the sufficiency of a complaint must accept well-pleaded facts as true, but not legal conclusions or legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678–79; *DiGeronimo Aggregates*, 763 F.3d at 509.

### III. ANALYSIS

#### A. Renewed Motion for Judgment on the Pleadings or Reconsideration

The Court previously concluded that Ohio's medical statute of repose, Ohio Rev. Code 2305.113(C), barred Landrum's claims in this case, but Durrani's December 2013 escape to Pakistan tolled the running of the time limit against him pursuant to Ohio's absent defendant statute, Ohio Rev. Code 2305.15. (Doc. 38.) In concluding that Ohio's saving statute[2] does not apply to save a medical claim recommenced outside the four-year statute of repose, the Ohio Supreme Court stated:

> R.C. 2305.11(C) is a true statue of repose that, except as expressly stated in R.C. 2305.113(C) and (D), clearly and unambiguously precludes the commencement of a medical claim more than four years after the occurrence of the alleged act or omission that forms the basis of the claim. Expiration of the statue of repose precludes the commencement, pursuant to the saving statute, of a claim that has previously failed otherwise than on the merits in a prior action. Had the General Assembly intended the saving statute to provide an extension of the medical statute of repose, it would have expressly

---

[2] Ohio's savings statute is contained in Ohio Rev. Code 2305.19, but it does not apply to the instant case.

> said so in R.C. 2305.113(C), as it did in the R.C. 2305.10(C), the statute of repose that governs product-liability claims.

*Wilson*, 2020-Ohio-6827 at ¶ 38.

Relying on this language, Durrani contends that the Ohio Supreme Court would similarly find that Ohio's absent defendant statute, Ohio Rev. Code 2305.15, does not toll the four-year time limitation in the medical statute of repose. Thus, according to Durrani, all claims in this case must be dismissed because Landrum filed them outside the four-year period that commenced in June 2010. The Court disagrees.

First, as the Court fully explained in its March 25, 2020 Order, Ohio's absent defendant statute, Ohio Rev. Code 2305.15(A), states:

> When a cause of action accrues against a person, if the person is out of the state, has absconded, or conceals self, the period of limitation for the commencement of the action as provided in sections 2305.04 to 2305.14, 1302.98, and 1304.35 of the Revised Code does not begin to run until the person comes into the state or while the person is so absconded or concealed. After the cause of action accrues if the person departs from the state, absconds, or conceals self, the time of the person's absence or concealment shall not be computed as any part of a period within which the action must be brought.

The tolling provision at 2305.15(A) expressly applies to "2305.04 to 2305.14," thus encompassing the statute of repose contained at 2305.113(C).[3] The Sixth Circuit Court of Appeals has upheld application of 2305.15(A) to toll the statute of limitations applicable to medical claims under 2305.113 without differentiating the four-year statute of repose contained in that same section. *Garber v. Menendez*, 888 F.3d 839 (6th Cir. 2018). In addition, since the Court issued its March 25, 2020 Order, other judges in this district have reached the same conclusion. *See, e.g., Mahlenkamp v. Durrani*, No. 1:18-cv-817, 2021 WL 2012939 (S.D. Ohio May 19, 2021) (Black, J.) (Tolling the statute of repose as to Durrani based on the date he fled to

---

[3] According to the numerical system utilized in the Ohio Revised Code, 2305.113 is between 2305.11 and 2305.12.

5

Pakistan); *Powers v. Durrani*, No. 1:18-cv-788, 2020 WL 5526401 (S.D. Ohio Sept. 15, 2020) (McFarland, J.) (Tolling the statute of repose as to Durrani on the date he absconded to Pakistan).

Second, on March 2, 2021, the Ohio Supreme Court granted a motion for reconsideration in *Wilson v. Durrani* on the exact issue presented here: whether, pursuant to Ohio Rev. Code § 2305.15(A), Durrani's flight to Pakistan tolled the repose period contained in § 2305.113(C). *Wilson v. Durrani*, 161 Ohio St.3d 1453, 2021-Ohio-534 (table). The Ohio Supreme Court remanded the *Wilson* case to the First District Court of Appeals to consider the issue. *Id.* The matter is now set for oral argument before the First District Court of Appeals on July 19, 2021. Therefore, contrary to Durrani's contention, the Ohio Supreme Court's decision in *Wilson* clearly did not settle this issue, and Defendant's Renewed Motion for Judgment on the Pleading or Reconsideration is not well taken.

**B. Trial Schedule**

It is undisputed that this Court, exercising diversity jurisdiction, must apply Ohio substantive law in this case. "In resolving issues of [Ohio] law, we look to the final decisions of the state's highest court, and if there is no decision directly on point, then we must make an *Erie* guess to determine how that court, if presented with the issue, would resolve it." *Conlin v. Mortg. Elec. Registration Sys., Inc.*, 714 F.3d 355, 358–59 (6th Cir. 2013); *Innovation Ventures, LLC v. Custom Nutrition Lab., LLC*, 912 F.3d 316, 334 (6th Cir. 2018). Intermediate appellate decisions persuasively inform this prediction, "unless it is shown that the state's highest court would decide the issue differently." *Conlin*, 714 F.3d at 359.

Only one issue stands between this case and trial: whether the absent defendant statute contained at Ohio Rev. Code 2305.15(A) tolls the medical statute of repose contained in Ohio

6

Rev. Code 2305.113(C) when a defendant absconds to another jurisdiction. Last year, this Court reviewed relevant rulings from Ohio appellate courts and predicted that the Ohio Supreme Court, if presented with this issue, would conclude that it does. (Doc. 38.) The Court then set this matter for final pretrial conference on August 4, 2021 with trial to commence September 13, 2021.

Fortunately, the Ohio Supreme Court—or at least Ohio's First District Court of Appeals—is now poised to determine the exact issue remaining in the case at bar. The First District will hear oral argument on this issue in less than three weeks, and the losing party is likely to appeal the issue to the Ohio Supreme Court. Thus, this Court need not attempt to predict the outcome again. In the interest of judicial economy, the Court will continue the trial schedule until the First District—or if its decision is appealed, the Ohio Supreme Court—finally determines this issue.

### C. Motion to Strike the Deters Affidavit

Turning to a separate issue, Landrum filed the Affidavit of Eric Deters Regarding Dr. Durrani's Travels Out of the State of Ohio (Doc. 57-1). In his brief Affidavit, Deters purports to have examined a calendar Defendant produced and Durrani's earlier sworn testimony to determine that "from 2005 through 2013 before his flight, Dr. Durrani was out of the state of Ohio: 504 plus 46 days or 550 total days or 1 year and 185 days." (Deters Aff., Doc. 57-1 at PageID 581.) Durrani now moves to strike Deters' Affidavit. (Doc. 60.) Landrum filed no response to Durrani's motion.

Pursuant to Federal Rule of Evidence 602, unless testifying as an expert (which Deters is not), "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Nothing in Deters' Affidavit

7

indicates that he has personal knowledge of Durrani's travels. Indeed, he acknowledges that his entire calculation is based on his review of third party documents. (Doc. 57-1 at ¶¶ 1, 5.) Thus, he is incompetent to testify as to Durrani's travels.

In addition, even if offered as a summary to prove content pursuant to Federal Rule of Evidence 1006, Deters' Affidavit and the attached Exhibit 2 fail to meet the minimum criteria for admission. For admissibility under Rule 1006, a summary or calculation must meet five criteria:

> (1) the underlying documents must be so voluminous that they cannot be conveniently examined in court, (2) the proponent of the summary must have made the documents available for examination or copying at a reasonable time and place, (3) the underlying documents must be admissible in evidence, (4) the summary must be accurate and nonprejudicial, and (5) the summary must be properly introduced through the testimony of a witness who supervised its preparation.

*United States v. Smith*, 516 F.App'x 592, 594–95 (6th Cir. 2013) (quoting *United States v. Jamieson*, 427 F.3d 394, 409 (6th Cir. 2006)). In this case, Deters has failed to demonstrate any of the five required criteria.

Finally, while relevant evidence is generally admissible pursuant to Federal Rule of Evidence 402, evidence is not relevant unless "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Deters' conclusion/opinion regarding the number of days from 2005 through 2013 Durrani left Ohio is utterly irrelevant to this case. Durrani allegedly performed Landrum's surgery in June 2010. Durrani's travels prior to her surgery are of no consequence here. Indeed, even Exhibit 2 to Deters' Affidavit—which purports to list specific travel dates by year—fails to differentiate between travel before and after Landrum's June 2010 surgery. (Doc. 57-1 at PageID 587.)

The statute of repose issue is very clear in this case, rendering Durrani's purported travel schedule meaningless. If the absent defendant statute tolls the statute of repose, this matter proceeds to trial. If not, then the only remaining claims are time-barred and must be dismissed. Either way, Deters' Affidavit is irrelevant and inadmissible and must be stricken.

### IV. CONCLUSION

Accordingly, the Court hereby **DENIES** Defendant's Renewed Motion for Judgment on the Pleadings or Reconsideration (Doc 58), **GRANTS** Defendant's Motion to Strike Affidavit of Eric Deters Regarding Dr. Durrani's Travels Out of the State of Ohio (Doc. 60), and **CONTINUES INDEFINITELY** the final pretrial and trial in this matter pending a state appellate ruling in *Wilson v. Durrani*. Both parties are **ORDERED** to file status reports within 30 days of the First District's decision in *Wilson v. Durrani* or February 1, 2022, whichever is earlier.

**IT IS SO ORDERED.**

Dated: July 1, 2021

_____
Judge Susan J. Dlott
United States District Court